**PAGING CENTER, INC., an Oregon corporation, Plaintiff— Appellant,**

v.

**AT & T WIRELESS SERVICES, INC., a Delaware corporation, Defendant—Appellee.**

No. 04–35072.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.\*

Decided Dec. 19, 2005.

Mark E. Griffin, Esq., James E. McCandlish, Esq., Griffin & McCandlish, Portland, OR, for Plaintiff–Appellant.

Gregory J. Dennis, Esq., Landerholm Memovich Lansverk & Whitesides, Vancouver, WA, for Defendant–Appellee.

Before: PREGERSON,\*\* RYMER and TASHIMA, Circuit Judges.

MEMORANDUM \*\*\*

The Paging Center, Inc. appeals the summary judgment in favor of AT & T

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Wireless Services, Inc. (AT & T Delaware). We affirm.

Even assuming that AT & T Delaware controlled the McCaw subsidiaries and that they held themselves out as a single entity, Paging Center failed to show any improper conduct or causal connection between misconduct by AT & T Delaware and Metrocall's obtaining confidential Paging Center information. There is no evidence that AT & T Delaware or its subsidiaries acquired Paging Center's accounts information, improperly gave access to it during the stock purchase due diligence period, or transferred that information to third parties. Schwartz's testimony that the Stock Purchase Agreement provided Metrocall only with information regarding McCaw Communications of Portland's customers, not the customers' end users, is uncontradicted. Keeling's information and belief to the contrary does not raise a genuine issue. *See, e.g., Taylor v. List,* 880 F.2d 1040, 1045–46 (9th Cir.1989). Accordingly, as the district court concluded, there is no basis for piercing the corporate veil. *Hambleton Bros. Lumber Co. v. Balkin Enter., Inc.,* 397 F.3d 1217, 1228 (9th Cir.2005); *Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.,* 294 Or. 94, 654 P.2d 1092, 1101 (1982) (en banc); *Oregon Pub. Employees' Ret. Bd. v. Simat, Helliesen & Eichner,* 191 Or.App. 408, 83 P.3d 350, 362 (2004).

**AFFIRMED.**